UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>         v.<br><br>DANIEL CHRISTOPHER ESTRADA,<br><br>                                    Defendant. | Case No. 19-cr-5058-BAS<br><br>**ORDER DENYING MOTION TO MODIFY SENTENCE (ECF No. 52)** |

On December 4, 2020, during the height of the COVID-19 pandemic, this Court sentenced Mr. Estrada to 24 months in custody followed by three years of supervised release. (ECF No. 51.) Four months later, Mr. Estrada filed this Motion to Modify his Sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 52.)

Mr. Estrada argues that he should be released because he is being held in the privately-run Western Region Detention Facility—GEO—and has not yet been designated to a prison. (*Id.*) Thus, he argues, he has no programming available to him, is not eligible for early release, has not had a "team meeting" to address his release, and has no warden to whom he can direct his request for release. (*Id.*) The Government responds that, on April 14, 2021, Mr. Estrada was transferred from GEO to FCI Victorville. (ECF No. 59.) Because Mr. Estrada's arguments are now moot and because they do not rise to the level

of "extraordinary and compelling reasons" required under the compassionate release statute, the Court **DENIES** Mr. Estrada's request.

## I.  BACKGROUND

On November 24, 2019, Mr. Estrada came through the Andrade Port of Entry with 15.25 kilograms of methamphetamine hidden in his car. (Presentence Report, ECF No. 37 ("PSR"). His sentencing guideline range was 46–57 months, but the Probation Department recommended a downward variance to 30 months. (*Id.*) The Government recommended 37 months in custody, which included a downward variance because of the COVID-19 pandemic. (ECF No. 44.) The Court departed further downward, sentencing Mr. Estrada to 24 months in custody, in part, because the conditions of confinement were particularly harsh during the pandemic. (ECF No. 51.)

Mr. Estrada was sentenced on December 4, 2020, at which time he was being held at the privately-run Western Region Detention Facility—GEO. It took the Bureau of Prisons four months, but on April 14, 2021, he was designated and moved to FCI Victorville.

## II.  ANALYSIS

A court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

The "designation of a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. § 3621(b). The Court does not have authority to order a convicted defendant to be placed in a particular facility or to be offered a residential re-entry center or any particular treatment program. "Those decisions are within the sole discretion of the Bureau of Prisons." *United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995). These rules are

particularly warranted during this time of a pandemic, when the Bureau of Prisons is faced with difficult decisions about where to house defendants so that their exposure to the virus is minimized.

Mr. Estrada's request to reduce his sentence because he has not yet been designated to a prison facility is now moot.  He has been moved to FCI Victorville, so the Court could deny his request on that ground alone.  However, in addition, the Court finds that the failure to designate him to a prison for four months does not constitute "extraordinary and compelling reasons" and does not warrant a sentence reduction.  Furthermore, none of the § 3553(a) factors has changed since the Court sentenced Mr. Estrada last December. To the extent Mr. Estrada is asking to Court to order him released to a residential re-entry center, the Court lacks the authority to do so.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Estrada's Motion to Modify his Sentence.  (ECF No. 52.)

**IT IS SO ORDERED.**

**DATED: April 27, 2021**

Hon. Cynthia Bashant
United States District Judge